UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

```
_____
                                        )
BH1, et al.,                            )
                                        )
         Plaintiffs                     )
         v.                             )
                                        )   Case No.: 1:06-cv-00070 (JR)
MICHAEL O. LEAVITT,                     )
Secretary, United States Department of  )
Health And Human Services               )
                                        )
         Defendant                      )
_____)
```

## STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs, by counsel and pursuant to LCvR 56.1, submit the following Statement of Material Facts in support of their Motion for Summary Judgment:

1.      Tennessee adopted a Section 1115 waiver program in 1994 called TennCare that provided medical assistance under the State's Title XIX State Plan to patients who would not otherwise be eligible for Medicaid, in the absence of the waiver. See Cookeville Reg'l Med. Ctr. v. Thompson, No. Civ.A. 04-1053 JR, 2005 WL 3276219, at *3 (D.D.C. 2005).

2.      Prior to January 20, 2000, the Secretary of Health and Human Services ("the Secretary") excluded from the Medicare disproportionate share hospital ("DSH") calculation those days of service for which patients were eligible for medical assistance under TennCare and who would not have been eligible for traditional Medicaid in the absence of the waiver ("waiver days"). Id. at *2.

3.      On January 20, 2000, the Secretary changed his position regarding waiver days so as to include them in the Medicare DSH calculation. Id. at *3 (see also Interim Final Rule, 65

- 2 -

Fed. Reg. 3136, 3137, 3139 (January 20, 2000)).  The text of the Interim Final Rule is incorporated herein by reference, as if fully set forth at length below.

4. It is undisputed that the Secretary never issued new payment determinations or reopenings to include waiver days in the DSH calculation for any hospital in Tennessee, for payment determinations (also known as Notices of Program Reimbursement or "NPR's") that his intermediaries issued between January 20, 1997 and January 20, 2000.  See Cookeville, 2005 WL 3276219, at *2 (observing that Secretary's policy, with respect to those cost report years, was to categorically exclude the waiver days from each hospital's DSH calculation).

5. The hospital plaintiffs in this case are licensed Medicare and Medicaid providers in the state of Tennessee that were entitled to DSH adjustments and did not have waiver days included by the intermediary in their Medicare DSH calculations.

                Respectfully submitted,

                _/s/ Jacqueline E. Bennett_____
                Murray J. Klein
                DC Bar #492415
                Jacqueline E. Bennett
                DC Bar #474355
                **REED SMITH LLP**
                1301 K Street, N.W.
                Suite 1100 – East Tower
                Washington, DC  20005
                (202) 414-9200
                (202) 414-9299 facsimile
                JBennett@ReedSmith.com

Dated:  June 6, 2006